## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07936-MAN | Date | July 2, 2014 |
|---|---|---|---|
| Title | *Rodolps Ortiz v. Carolyn W. Colvin* | | |

| Present: The Honorable | MARGARET A. NAGLE, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| Earlene Carson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers)  Order


On June 17, 2014, counsel for plaintiff filed a Motion To Be Relieved as Attorney of Record with a related notice and supporting memorandum of points and authorities and declaration by plaintiff's counsel Vijay J. Patel (collectively, the "Motion").  By the Motion, plaintiff's counsel seeks:  (1) leave to withdraw as counsel of record for plaintiff, pursuant to Local Rule 83-2.3.2; and (2) "permission from the Court for an extension of time to permit the transfer of pleadings, case management order, and certified administrative record to [plaintiff] for his action." (Motion at 3.) In support of the Motion, plaintiff's counsel asserts, *inter alia*, that "[t]he relationship between counsel and [plaintiff] has deteriorated to the point where no meaningful dialogue can take place." (*Id.*)  Specifically, plaintiff's counsel asserts that, after reviewing the administrative record provided by the defense, he: sent a letter to plaintiff on May 12, 2014, seeking dismissal of his case; left a voicemail for plaintiff on May 24, 2014, regarding the May 12, 2014 letter; sent a second letter to plaintiff on May 28, 2014, seeking dismissal of his case; and left another voicemail for plaintiff on June 5, 2014, requesting that he return plaintiff's counsel's phone call. (Motion at 5.) Notwithstanding these attempts by plaintiff's counsel to contact plaintiff, plaintiff has been "non-responsive" and "has refused to give [plaintiff's] counsel any direction."  (*Id.*)  Accordingly, "[b]ecause [plaintiff] fails to communicate . . . and has consistently failed to do so," plaintiff's counsel asserts that he "cannot take any action on [plaintiff]'s behalf or ask that []he sign a substitution of attorneys form." (*Id.*)  The Motion was served by mail on plaintiff and electronically on counsel for defendant.  (Docket Nos. 18-19; Motion at 7.)  Plaintiff has not filed any response to the Motion or otherwise contacted the Court.

The Court has carefully reviewed the Motion, and it appears to the Court that it should grant the relief requested, because the Court cannot force counsel to pursue an action when the attorney-client relationship has profoundly deteriorated.  Nevertheless, before granting the Motion, the Court believes it is appropriate to provide plaintiff with a final opportunity to be heard.

Accordingly, on or before **July 23, 2014**, plaintiff is ORDERED TO SHOW GOOD CAUSE, if any exists, why the Court should not grant the Motion.  If plaintiff opposes the Motion, he must file and serve on his counsel, as well as defense counsel, a written Opposition to the Motion; if plaintiff disputes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-07936-MAN | Date | July 2, 2014 |
|---|---|---|---|
| Title | *Rodolps Ortiz v. Carolyn W. Colvin* | | |

any of the facts asserted in the Motion, plaintiff must provide with his Opposition a declaration signed by him under penalty of perjury, which sets forth competently his version of the facts. Alternatively, and if plaintiff does not oppose the Motion, he may satisfy his obligation under this Order by: (1) filing a Notice of Dismissal; (2) filing a Notice of Substitution of Attorney; or (3) informing the Court, in writing served upon his counsel and defense counsel, that he is going to represent himself.

The Clerk is directed to serve a copy of this Order on plaintiff directly, as well as on plaintiff's counsel and counsel for defendant. The Clerk is also directed to send to plaintiff a copy of Form CV-009 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) on plaintiff.

**Plaintiff is expressly cautioned that his failure to timely respond to this Order will be deemed to constitute a consent to the granting of the Motion pursuant to Local Rule 7-12, and further, could result in the dismissal of the action, pursuant to Fed. R. Civ. P. 41(b) and Local Rule 41-1, for failure to prosecute.**

**IT IS SO ORDERED.**


Service List

Rodolps Ortiz
11677 Pearwood Avenue
San Fernando, CA 91340

Vijay J. Patel
Law Offices of Lawrence D. Rohlfing
12631 East Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670

Sundeep R. Patel
SAUSA - Office of the United States Attorney
Social Security Administration
160 Spear Street, Suite 800
San Francisco, CA 94105

cc: All Parties of Record

           : _____

Initials of Preparer    efc