O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODOLPS ORTIZ,** | )    **NO. CV 13-7936-MAN** |
|            **Plaintiff,** | ) |
| | )    **MEMORANDUM OPINION AND ORDER** |
|        **v.** | ) |
| **CAROLYN W. COLVIN,** | ) |
| **Acting Commissioner of Social** | ) |
| **Security,** | ) |
| | ) |
|          **Defendant.** | ) |
| _____ | ) |

      Plaintiff filed a Complaint on November 5, 2013, seeking review of the denial of his application for a period of disability, disability insurance benefits, and supplemental security income and an order reversing the Commissioner's decision or, alternatively, remanding this matter for a new hearing or new proceedings.  On December 30, 2013, this Court issued its Case Management Order, setting forth, *inter alia*, a schedule for the preparation and filing of pleadings, including a Joint Stipulation.  On January 2, 2014, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge.

      On June 17, 2014, plaintiff's then-counsel, Vijay J. Patel, filed a Notice of Motion and Motion To Withdraw as Attorney of Record (the "Motion"), citing an "abject breakdown of the

attorney-client relationship." On July 2, 2014, the Court issued an Order To Show Cause why the Motion should not be granted.  The Court cautioned plaintiff that his failure to timely respond would be deemed to constitute consent to the granting of the Motion and, further, could result in the dismissal of the action.  Plaintiff did not respond or otherwise communicate with the Court. Accordingly, on July 29, 2014, the Court granted the Motion.  In its July 29, 2014 Order, the Court ordered plaintiff to file a motion for summary judgment on or before September 29, 2014, or, if he did not wish to pursue the action, a notice of dismissal by no later than September 19, 2014.

Because plaintiff failed to comply with the July 29, 2014 Order, on December 12, 2014, the Court issued an Order To Show Cause (the "Order"), which directed plaintiff to explain, on or before January 1, 2015, why no motion for summary judgment had been filed and why the case should not be dismissed for lack of diligent prosecution and failure to comply with the Court's orders.  Plaintiff was informed that he could satisfy his obligations under the Order by filing a motion for summary judgment on or before January 15, 2015.  Plaintiff was expressly cautioned that if he failed to comply with the Order, the Court would dismiss the action for failure to prosecute pursuant to FED. R. CIV. P. 41(b) and Local Rule 41-1." (Docket No. 21.)

Plaintiff neither complied with the Order nor requested additional time to do so.  The January 1, 2015 and January 15, 2015 deadlines have now passed, and plaintiff has neither filed a motion for summary judgment nor otherwise communicated with the Court in response to the Order.  Without plaintiff's participation, this action cannot proceed.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including:  (1) the public's interest in expeditious

1  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

2  defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the

3  disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002);

4  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

5

6        With respect to the first and second factors, plaintiff's delay necessarily implicates both the

7  public interest in the expeditious resolution of litigation and the Court's need to manage its docket

8  efficiently.  See Pagtalunan, 291 F.3d at 642; see also Yourish v. California Amplifier, 191 F.3d

9  983, 990-91 (9th Cir. 1999).  Plaintiff's failures to comply with the September 29, 2014 and

10  December 12, 2014 Orders have caused this action to come to a halt, thereby impermissibly

11  allowing plaintiff, rather than the Court, to control the pace of the proceedings in this case.  Id.

12  In addition, plaintiff's conduct establishes that he does not intend to litigate this matter diligently.

13  Significantly, the Court, in contrast to plaintiff, has spent valuable time unsuccessfully attempting

14  to move this case along -- time which it could have devoted to other cases on its docket.  See

15  Clayton v. Astrue, No. 10-0018 BEN (NLS), 2011 U.S. Dist. LEXIS 150710, at *3 (S.D. Cal.

16  November 18, 2011) (citing the court's expenditure of time as a factor weighing in favor of

17  dismissal under 41(b)).  Allowing plaintiff to continue to halt the progress of this case would

18  frustrate not only the public's interest in the expeditious resolution of litigation but also the Court's

19  need to manage its own docket.  See Ferdik, 963 F.2d at 1262 (noting that "[i]t is incumbent upon

20  us to preserve the district courts' power to manage their dockets without being subject to the

21  endless vexatious noncompliance of litigants").  Accordingly, the first two factors strongly weigh

22  in favor of dismissal.

23

24        The third factor -- the risk of prejudice to defendants -- also weighs in favor of dismissal.

25  When, as in this case, a plaintiff unreasonably delays prosecution of an action, a rebuttable

26  presumption of prejudice to defendant arises.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir.

27  1994).  Although that presumption may be rebutted when a plaintiff proffers a reasonable excuse

28  for the delay, plaintiff has failed to provide any explanation, let alone a reasonable excuse, for his

1  failure to comply with the December 12, 2014 Order.  Thus, the third factor does not support

2  allowing this stalled case to continue.

3

4       In addition, the fourth factor -- the availability of less drastic sanctions -- strongly favors

5  dismissal.  The Ninth Circuit has set forth the following three-part analysis to determine whether

6  a district court properly exercised its discretion in determining that no less harsh sanction than

7  dismissal is appropriate:  (1) whether the court discussed the feasibility of less drastic sanctions

8  and why those sanctions would not be appropriate; (2) whether the court previously implemented

9  alternate sanctions; and (3) whether the court warned the party of the possibility of dismissal.

10  Adriana Int'l Corp. v. Thoeron, 913 F.2d 1406, 1412 (9th Cir. 1990).  The Court has attempted to

11  avoid dismissal by repeatedly and specifically warning plaintiff that failure to comply with its

12  Orders To Show Cause could result in dismissal, without prejudice, for failure to prosecute.

13  Despite the Court's attempts to explore meaningful alternatives to dismissal, however, plaintiff has

14  failed to respond to the Court's Orders, and thus, lesser sanctions do not appear to be

15  appropriate.  *See* Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that the

16  "district court need not exhaust every sanction short of dismissal before finally dismissing a case,

17  but must explore possible and meaningful alternatives").  Nevertheless, the Court has determined

18  that the instant action should be dismissed *without* prejudice -- a sanction less drastic than

19  dismissal with prejudice.

20

21       The fifth factor, the general policy favoring resolution of cases on the merits, weighs

22  against dismissal.  However, plaintiff has a responsibility to move a case towards disposition at

23  a reasonable pace and to avoid dilatory and evasive tactics.  *See* Morris v. Morgan Stanley Co.,

24  942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility, despite having been

25  given ample time to do so.  Under these circumstances, the public policy favoring resolution of

26  cases on the merits does not outweigh plaintiff's failure to comply with this Court's orders and to

27  prosecute this action diligently.

28

1  A balancing of these factors leads to the conclusion that dismissal without prejudice,

2  pursuant to Rule 41(b) and Local Rule 41-1, is warranted.  *See* Ferdik, 963 F.2d at 1263 (dismissal

3  is appropriate where strongly supported by three factors).

4

5  **CONCLUSION**

6

7  Accordingly, for the reasons stated above, IT IS ORDERED that the above-captioned case

8  is dismissed without prejudice for lack of prosecution.

9

10  IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this

11  Memorandum Opinion and Order and the Judgment on plaintiff and counsel for defendant.

12

13  **LET JUDGMENT BE ENTERED ACCORDINGLY**.

14

15  DATED: January 16, 2015

16

17  _Margaret A. Nagle_

18  _____
   MARGARET A. NAGLE
   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28